O'NEAL, APPELLANT, *v.*
BUCKLEY, EXRX., ET AL., APPELLEES.

[Cite as O'Neal v. Buckley (1979), 67 Ohio App. 2d 45.]

(No. 79-5—Decided December 4, 1979.)

*Messrs. Davidson, Heckler, Riggs & Spahr, Mr. Walter P. Davidson* and *Mr. Jeffrey P. Kelbley,* for appellant.

*Messrs. Christie & Christie, Mr. Robert S. Christie, Mr. Robert J. Christie* and *Mr. Donovan Lowe,* for appellees.

PUTMAN, P. J.    This is an appeal from the dismissal by the Court of Common Pleas of Morgan County, Probate Division, of a will contest case for the reason that the Attorney General of Ohio had not been joined in the action.

It is conceded as a matter of law that failure to join the necessary parties, within the specified time, is fatal to the subject matter jurisdiction of a will contest case.[2] Accordingly, our analysis concerns the question of whether the Attorney General is a necessary party in this particular will contest case.

R. C. 2107.73 lists the persons who are necessary parties to a will contest. R. C. 2107.73 reads, in part, as follows:

"Persons who are necessary parties to a will contest are as follows:

---

[2] See *Hagler v. Barger* (1978), 10 Ohio Opinions 3d 71.

"* * *

"(D) The attorney general as provided by section 109.25 of the Revised Code[.]"

R. C. 109.25 reads, in part, as follows:

"The attorney general is a necessary party to and shall be served with process or with summons by registered mail in all judicial proceedings, the object of which is to:

"* * *

"(D) Determine the validity of a will having provisions for a charitable trust."

This being an action to determine the validity of a will, the pivotal question which emerges is whether the will in the present case is one "having provisions for a charitable trust" within the meaning of R. C. 109.25(D).

Item III of the will in question reads as follows:

"ITEM III: I give and bequeath to the Stockport Methodist Church, the sum of $5,000.00, absolutely and in fee simple to be used by the trustees of said church for maintenance and improvement of the church sanctuary and annex. The said $5,000.00 shall be disbursed by my Executor in annual payments of $1,000.00 for a period of five years."

Item IV of the will reads as follows:

"ITEM IV: I give and bequeath to the Trustees of the Stockport Cemetery the sum of Seventy-five Dollars absolutely and in fee simple, to use at their discretion for the maintenance of said Cemetery."

Other charitable gifts in the will are as follows: $100 to the Church of Christ of Stockport (Item XI); $100 to the American Cancer Society (Item XII); $100 to the Stockport Volunteer Fire Department (Item XIII); $100 to the United Methodist Women of the Methodist Church of Stockport, Ohio (Item XV); $50 to the Oral Roberts Crusade (Item XVI); and, $100 to the American Heart Fund (Item XVII).

In our opinion, the trial court should not have dismissed this will contest case. We read the words "having provisions for a charitable trust," as used in R. C. 109.25(D), to mean a will which has provisions for "the creation of" a charitable trust. Our reasons follow.

Where a will creates a charitable trust or contains a gift of over $1,000 to an already existing charitable trust, the At-

torney General must be notified of the admission of that will to probate because of the mandate of R. C. 109.30.

Likewise, if the charitable trust is already in existence, it is required to be registered with the Attorney General under R. C. 109.26.

Therefore, where a will simply makes outright, unconditional gifts to trustees, including trustees of charitable trusts, directing that the gifts be applied to specific, fixed purposes, the gifts are made to parties who are already under the supervision and scrutiny of the Attorney General. Moreover, reading the statutory fabric and all provisions thereof in *pari materia,* we discern a clear legislative purpose to emerge whereby it is guaranteed that no attempt to *create* a charitable trust by will shall be destroyed without the Attorney General being made a party—hence, the provisions of R. C. 109.25(D).

Accordingly, the judgment of the Court of Common Pleas of Morgan County, Probate Division, is reversed and this cause is remanded to that court for further proceedings according to law.

*Judgment reversed and*
*cause remanded.*

DOWD, J., concurs.

RUTHERFORD, J., dissenting. R. C. 109.30, in pertinent part, provides:

"After admission to probate of a will***containing a gift valued in excess of one thousand dollars to any charitable trust, notice shall be given to the attorney general as well as to other beneficiaries pursuant to section 2107.19 of the Revised Code.***"

R. C. 109.25, in pertinent part, provides:

"The attorney general is a necessary party to and shall be served with process or with summons by registered mail in all judicial proceedings, the object of which is to:
"***

"(D) Determine the validity of a will having provisions for a charitable trust."

In the instant case, under Item III of the decedent's will, $5,000 is bequeathed to the Stockport Methodist Church "***to be used by the trustees of said church for [the specified

purpose of] maintenance and improvement of the church sanctuary and annex.***''

I concur with the following statement in the majority opinion:

"Where a will creates a charitable trust or contains a gift of over $1,000 to an already existing charitable trust, the Attorney General must be notified of the admission of that will to probate because of the mandate of R. C. 109.30.''

In addition, construing the statutes relating to notice and parties in *pari materia,* it is my opinion that the legislature intended both the beneficiaries and the Attorney General—each of whom is required to be given notice of the admission to probate of a will containing a charitable gift in excess of $1,000—to be necessary parties and to be served with process, as required by R. C. 109.25(D), when the validity of a will, such as the one under consideration, is contested; otherwise, the Attorney General is not afforded any reasonable means of knowing that the validity of the will—of which he is required to be given notice of probate—is being contested.

For the reasons set forth, I dissent from the reversal by this court of the judgment of the Court of Common Pleas of Morgan County, Probate Division, which judgment in my opinion ought to be affirmed.